**Juan ENRIQUEZ, Plaintiff-Appellant,**

v.

**Allen MITCHELL, Asst. Warden, Darrington Unit, Texas Dept. of Corrections, Defendant-Appellee.**

No. 75–2479.

United States Court of Appeals, Fifth Circuit.

June 11, 1976.

Juan Enriquez, pro se.

Ed Idar, Paul R. Gavia, Marianne Wesson Cantrick, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before TUTTLE, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant in this case is an inmate at the Darrington Unit of the Texas Department of Corrections. On June 28, 1973, he filed a civil rights complaint under 42 U.S.C. § 1983[1] alleging, *inter alia*, that he had been placed in solitary confinement after a prison disciplinary hearing which violated his rights to due process, in part by violating his right to counsel.

At trial, appellant attempted to raise an additional issue—that his rights were violated in that the Hearing Committee took notice of the fact that he chose not to testify in reliance on the Fifth Amendment. The trial court found that this issue was not before it and declined to rule on it; as to the other issues, the trial court found they were without merit and dismissed appellant's complaint.

On this appeal, appellant again argues the Fifth Amendment issue. Because of our disposition of this appeal it is unnecessary to decide whether it is properly before this Court.

Disposition of this appeal was withheld pending the Supreme Court's decision in *Baxter v. Palmigiano*, 510 F.2d 534

(1st Cir. 1974), *cert. granted,* 421 U.S. 1010, 95 S.Ct. 2414, 44 L.Ed.2d 678 (1975), and *Clutchette v. Procunier*, 497 F.2d 809 (9th Cir. 1974), *mod. in* 510 F.2d 613 (9th Cir. 1975), *cert. granted sub nom. Enomoto v. Clutchette*, 421 U.S. 1010, 95 S.Ct. 2414, 44 L.Ed.2d 678 (1975). Following consolidation of these cases, the Supreme Court held both that a prison inmate does not have a right either to appointed or retained counsel at prison disciplinary hearings that are not part of a criminal prosecution, and that an inmate's decision to assert the Fifth Amendment and remain silent at a disciplinary hearing can be given adverse evidentiary significance. *Baxter v. Palmigiano*, —— U.S. ——, 96 S.Ct. 1551, 47 L.Ed.2d 810, 44 U.S.L.W. 4487 (1976).

This disposes of the major issues raised in this appeal. We have examined appellant's other contentions and find them to be without merit.

AFFIRMED.

---

1. § 1983 states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."