Michael ROBERTS et al.,
Plaintiffs-Appellees,

v.

Donald C. TAYLOR et al.,
Defendants-Appellants.

Michael ROBERTS et al.,
Plaintiffs-Appellants,

v.

Donald C. TAYLOR et al.,
Defendants-Appellees.

Nos. 75–1164 and 75–1170.

United States Court of Appeals,
First Circuit.

Argued May 5, 1976.

Decided Aug. 20, 1976.

Ralph J. Gonnella, Providence, R. I., with whom Hodosh, Spinella, Hodosh & Angelone, Cary J. Coen, and Winograd, Shine & Zacks, Providence, R. I., were on brief, for Michael Roberts and others.

William Granfield Brody, Sp. Asst. Atty. Gen., Providence, R. I., with whom Julius C. Michaelson, Atty. Gen., and Ronald A. Dwight, Sp. Asst. Atty. Gen., Providence, R. I., were on brief, for Donald C. Taylor and others.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

The named plaintiffs-appellees, inmates at the Rhode Island Adult Correctional Institutions (ACI), brought a class action claiming that certain practices adhered to by the defendants during the regular course of disciplinary proceedings at the ACI suffer from constitutional infirmities. Specifically, they contend that inmates who have been charged with violations of prison rules and regulations and who are also the subject of separate state criminal charges based on the same alleged conduct are improperly denied the right to services of counsel at disciplinary hearings called to determine the validity of the prison infractions and the right to "use immunity" for testimony given at these hearings. The district court, in reliance on our opinion in *Palmigiano v. Baxter*, 510 F.2d 534 (1st Cir. 1975),[1] held that the inmates were entitled to the presence of counsel and to use immunity at the prison disciplinary hearings in

---

1. Our original opinion in this case, *Palmigiano v. Baxter*, 487 F.2d 1280 (1st Cir. 1973), was vacated and remanded by the Supreme Court, *see Baxter v. Palmigiano*, 418 U.S. 908, 94 S.Ct. 3200, 41 L.Ed.2d 1155 (1974), for reconsideration in light of its decision in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

question and granted permanent injunctive relief. The state appeals.

The facts are clearly set forth in the opinion of the district court. *Roberts v. Taylor*, 390 F.Supp. 705 (D.R.I.1975). On December 3, 1972 appellee Roberts was charged by officials at the ACI with possession of a hypodermic needle and syringe, and assaulting and using abusive language to a correctional officer. After a brief initial appearance before the prison disciplinary board Roberts was then charged by the state police with a violation of Rhode Island criminal laws for possession of a hypodermic needle and syringe. At his arraignment on December 12, 1972, he entered a plea of not guilty. On December 21 Roberts appeared before the prison disciplinary board for a hearing on his prison infractions. At this hearing he requested permission to have representation of legal counsel and sought a grant of use and/or derivative use immunity concerning all testimony he would give on the violation on which he was also facing state criminal charges.[2] Both requests were denied. *Id.* at 708. As a result Roberts refused to testify in his own behalf;[3] he also informed the hearing board members that had he been granted use immunity he would have presented exculpatory testimony in his own behalf. On the basis of the evidence adduced at the hearing, the board found Roberts guilty of all the violations charged and sentenced him to thirty days in segregation. *Id.*

A similar pattern of events occurred with respect to Flint, the other named plaintiff. He was charged by prison authorities with using a dangerous weapon to assault two correctional officers and with assaulting an inmate with intent to kill. Flint was arraigned (and entered a plea of not guilty) on similar state criminal charges arising out of the same conduct. In appearances before the disciplinary board on the prison charges Flint requested the assistance of legal counsel and a grant of use immunity concerning all testimony he might provide on the charges against him. Because these requests were denied he refused to testify on his own behalf. He was found guilty on all charges, and was sentenced to thirty days segregation and thirty days loss of good time.[4]

In *Palmigiano v. Baxter*, 510 F.2d 534 (1st Cir. 1974), we held that "in cases where criminal charges are a realistic possibility, prison authorities should consider whether defense counsel, if requested, should not be let into the disciplinary proceeding, not because *Wolff* [*v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)] requires it in that proceeding, but because *Miranda* [*v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] requires it in light of future criminal prosecution." 510 F.2d at 537. Subsequently, however, the Supreme Court reversed our decision. *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). In the Court's view *Miranda, supra* had no "substantial bearing on the question whether counsel must be provided at 'prison disciplinary hearings . . . .'" 425 U.S. at 315, 96 S.Ct. at 1556 (citations omitted). The Court held that its decision in *Wolff v. McDonnell, supra*, compelled the conclusion that although inmates faced the possibility of state prosecution for conduct involved in their prison charges, they nevertheless did not have a right to either retained or appointed counsel in disciplinary hearings and that state authorities were not in error in

---

2. Prior to his request for use immunity and before his refusal to testify in his own behalf, each of the named plaintiffs was informed by the prison disciplinary board that ". . . although statements you make in your defense at a disciplinary hearing are probably not admissible for affirmative use by the prosecution at a trial, you may wish to consult an attorney to determine what action you wish to take. . . ." *Roberts v. Taylor*, 390 F.Supp. 705, 709 (D.R.I.1975).

3. Roberts did, however, participate in cross-examination of the witnesses who testified against him. *Roberts v. Taylor, supra* at 708 n. 5.

4. The disciplinary board also recommended downgrading Flint's inmate classification. *Roberts v. Taylor, supra* at 709.

failing to advise inmates to the contrary. *Baxter v. Palmigiano, supra,* 425 U.S. at 314–315, 96 S.Ct. 1551.

Appellees contend that the Court's holding in *Baxter* is not necessarily controlling in the instant case. They point to the fact that *Baxter* involved a situation where there was only a *possibility* of criminal charges being filed whereas in the present case the inmates had already been arraigned on state charges before their disciplinary hearings on the prison infractions. We do not read the Court's opinion in *Baxter,* however, to accord leeway for such distinctions. As noted, our opinion in *Palmigiano v. Baxter, supra* saw a need for legal counsel primarily because the statements inmates might make at the disciplinary hearing would perhaps be used in state court prosecutions for the same conduct. In reversing, the Supreme Court clearly confronted the problem of the possible use of hearing testimony in other contexts, but its ruling indicated that this possibility did not necessitate the presence of counsel at the hearing. The Court specifically emphasized that "[p]rison disciplinary proceedings are not part of a criminal prosecution," *Wolff v. McDonnell, supra,* 418 U.S. at 556, 94 S.Ct. at 2975, and it declined to hold that the presence of counsel was required "to render pretrial statements admissible in other than criminal cases." *Baxter v. Palmigiano, supra,* 425 U.S. at 315, 96 S.Ct. at 1556. We are therefore forced to conclude that appellees have no right to counsel at their disciplinary hearings.

■ The district court also held that the inmates in the present case were entitled to a grant of use immunity. *Roberts v. Taylor, supra* at 710. The court based its decision on two elements in our opinion in *Palmigiano v. Baxter, supra.* We had held that an inmate subjected to interrogation at a disciplinary hearing "is entitled to be advised of his right to remain silent, and cannot be further interrogated should he choose not to speak," and that "[h]is silence may not be used against him at that time or in future proceedings." 510 F.2d at 536.

We also had held that where an inmate was called to a disciplinary hearing under circumstances in which there was a realistic likelihood he would be subject to criminal charges for the same conduct "and is informed that his silence will be used against him, . . . use immunity must be provided and the inmate must be so informed." *Id.* The Supreme Court disagreed with this analysis and reversed. *Baxter v. Palmigiano, supra.*

The critical factor in the Supreme Court's reasoning—which is also determinative in the present case—is that "a prison inmate in Rhode Island electing to remain silent during his disciplinary hearing, . . . is not in consequence of his silence automatically found guilty of the infraction with which he has been charged." 425 U.S. at 317, 96 S.Ct. at 1557. As the Court observed, although he "[is] advised that his silence [can] be used against him, . . . [i]t is . . . undisputed that an inmate's silence in and of itself is insufficient to support an adverse decision by the disciplinary board." *Id.; see Morris v. Travisono,* 310 F.Supp. 857, 873 (D.R.I.1970). The *Baxter* Court noted that the fifth amendment privileges an individual "not to answer official inquiries put to him in any . . . proceeding, civil or criminal, formal or informal, where the answers might incriminate him in state proceedings," *Baxter v. Palmigiano, supra,* 425 U.S. at 316, 96 S.Ct. at 1556, quoting *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973), but the Court reasoned that because the Rhode Island prison system does not treat the option of remaining silent as a per se admission of guilt the inmate is not directly "compelled . . . to furnish testimonial evidence that might incriminate [him] in later criminal proceedings . . . ," and therefore the disciplinary hearing procedures do not constitute an improper attempt to compel testimony without granting immunity. *Baxter v. Palmigiano, supra,* 425 U.S. at 316, 96 S.Ct. at 1557.

Appellees contend that the *Baxter* Court's reasoning does not necessarily con-

trol in the instant case, and that use immunity is required. They argue that the "prison disciplinary process is [an] inherently coercive situation" in which "an inmate must speak in the face of incriminating evidence in order to avoid an adverse inference should he remain silent"; that the inmate's testimony is therefore compelled for fifth amendment purposes; and that use immunity is required to compensate for this compulsion. This claim cannot prevail, however, because it runs counter to the basic holding of *Baxter v. Palmigiano, supra*. The *Baxter* Court distinguished Rhode Island's disciplinary hearing, in which electing to remain silent can only give rise to adverse inferences, from proceedings where "failure to respond to interrogation [is] treated as a final admission of guilt." 425 U.S. at 318, 96 S.Ct. at 1557. The Court concluded that Rhode Island's disciplinary hearing procedures do not require an inmate to waive his fifth amendment privilege. The Court noted that "if inmates are compelled in [disciplinary] proceedings to furnish testimonial evidence that might incriminate them in later criminal proceedings, they must be offered 'whatever immunity is required to supplant the privilege' and may not be required 'to waive such immunity,'" *id.*, quoting *Lefkowitz v. Turley, supra,* 414 U.S. at 85, 94 S.Ct. at 1557, but the Court explicitly stated that where, as here, an inmate can remain silent without there being a conclusive presumption of guilt, "[t]his does not smack of an invalid attempt by the State to compel testimony . . . or to penalize the exercise of the privilege," 425 U.S. at 318, 96 S.Ct. at 1557, and the granting of use immunity is not required. We hold, therefore, that *Baxter v. Palmigiano, supra* dictates that the judgment of the district court must be reversed.

*So ordered.*