982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin Leroy MAHLER, Plaintiff-Appellee,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS; James L. Saffle, Warden
OSP; Gary D. Maynard, Director, Oklahoma Department of
Corrections; Delores Ramsey, Director's Designee; Stephen
W. Kaiser, Warden, Lexington Correctional Center; Lt. Lesia
Miser, Disciplinary Officer, Lexington Correctional Center;
Jimmy Rowland, Disciplinary Officer, Lexington Correctional
Center; Twyla Snider, Acting Warden, Lexington Correctional
Center, Defendants-Appellees.
 No. 92-7028.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Melvin Leroy Mahler, an inmate of the state of Oklahoma appearing pro se, filed this action pursuant to 42 U.S.C. § 1983 against the Oklahoma Department of Corrections (DOC) and others, alleging he was denied due process in the course of prison disciplinary proceedings for possession of contraband and battery of a staff member that followed an incident on January 9, 1990. The proceedings resulted in a loss of good time credits. Mr. Mahler appeals from an order of the district court which adopted the magistrate judge's findings and recommendation and granted defendants' motion for summary judgment on the basis they were entitled to qualified immunity. We affirm.
 
 
 6
 We review the district court's grant of summary judgment de novo, applying the same standard as applied by the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 "The doctrine of qualified immunity provides that government officials 'generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Rozek v. Topolnicki, 865 F.2d 1154, 1157 (10th Cir.1989) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once the defense of qualified immunity has been raised, the plaintiff must come forward with facts sufficient to show both that the defendants' conduct violated the law and that the law alleged to have been violated was "clearly established" at the time of the defendants' actions. Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 645-46 (10th Cir.1988). Mr. Mahler has not met either prong of this burden.
 
 
 8
 In his pro se brief, Mr. Mahler argues defendants were not entitled to qualified immunity for four reasons: (1) defendants tape-recorded Mr. Mahler's disciplinary proceedings, which did not comply with the "written statement" requirement in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); (2) defendants delayed in providing Mr. Mahler a copy of the disciplinary hearing action form, which interfered with his institutional appeal; (3) Mr. Mahler was denied due process in his institutional appeal following a rehearing on the battery charge; and (4) the district court incorrectly applied Local Rule 14(a) to Mr. Mahler's motions to supplement the record, which asserted that a DOC policy change adopting the requirements of Robinson v. Young, 674 F.Supp. 1356, 1367-69 (W.D.Wis.1987), applied to his case, and also that Mr. Mahler was entitled to use immunity for his testimony during his disciplinary proceedings.
 
 
 9
 * An inmate facing the loss of good time credits "must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).
 
 
 10
 Mr. Mahler argues that the district court erred in adopting the magistrate's finding, based on Ruiz v. Estelle, 679 F.2d 1115, 1155-56 (5th Cir.), modified in part and vacated in part on other grounds, 688 F.2d 266 (5th Cir.1982), cert. denied, 460 U.S. 1042 (1983), that a tape recording of Mr. Mahler's disciplinary proceedings satisfied the Wolff requirement of a written statement of evidence relied on. We do not agree.
 
 
 11
 This court has held that a written transcript of disciplinary proceedings is a more than adequate substitute for a written statement of evidence relied on because it contains the required information. See Smith v. Maschner, 899 F.2d 940, 946 (10th Cir.1990). It seems to us that a tape recording of the proceeding is also a more than adequate substitute, for the same reason. We therefore find no constitutional inadequacy. Although this court had not expressed any opinion on the question at the time of Mr. Mahler's disciplinary proceedings, other circuits had, and defendants were not bound by the particular interpretation of Wolff expressed in the several cases from courts outside of this circuit cited in Mr. Mahler's brief. Mr. Mahler states that DOC has no prescribed procedures for making recordings of disciplinary proceedings available to inmates or their legal representatives, but he does not allege he was denied access to the recordings of his hearings.
 
 II
 
 12
 Both of Mr. Mahler's hearings were held on January 16, 1990. He received the disciplinary hearing action forms on February 28, 1990, at the facility to which he had been transferred. Mr. Mahler was not required to begin counting his time to appeal until he received these forms. Supplemental R., Ex. M at 9. While waiting for them, however, and even though he was not required to proceed, Mr. Mahler filed an institutional appeal with the warden, which was denied. After he received the disciplinary hearing action forms, he again filed an appeal with the warden, which was denied as successive. Mr. Mahler was not entitled to a second facility-level appeal, as he argues. Defendants did not interfere with Mr. Mahler's right of appeal.
 
 
 13
 Mr. Mahler offers no support for his other contention that defendants' delay in providing the forms, by itself, was a denial of due process. This contention is without merit.
 
 III
 
 14
 On institutional appeal, the battery charge was ordered reheard because the tape recording of the first proceeding was unavailable. After the rehearing, Mr. Mahler was allowed an appeal to the Director of Corrections' designee, but not to the warden. Mr. Mahler contends, without support, that he was denied his due process right to an institutional appeal following the rehearing. This contention is also without merit. DOC policy provided that, after a rehearing, an inmate could appeal to the warden or director or director's designee. Supplemental R., Ex. M at 9. Defendants complied with this policy.
 
 IV
 
 15
 On September 10, 1991, Mr. Mahler filed in the district court a motion to supplement the record. Attached to the motion was a copy of the DOC Compliance Memorandum which adopted the interpretation of Wolff expressed in Robinson, 674 F.Supp. at 1367-69. Among other things, this Memorandum effected a policy change to require detailed written findings of evidence relied upon in disciplinary hearings. Mr. Mahler asserts that, because his motion to supplement the record was unopposed and therefore deemed confessed under Local Rule 14(a), he is also entitled to the retroactive effect of the DOC Compliance Memorandum such that it applied to his disciplinary proceedings. This contention is without merit. The district court did not err in its application of Local Rule 14(a).
 
 
 16
 Finally, Mr. Mahler maintains that at his disciplinary hearing on the contraband charge, he was advised of his right to remain silent, but warned that adverse inferences might be drawn from his silence. In a motion filed September 3, 1991, Mr. Mahler asserted he was entitled to "use" immunity for statements he made to defend himself because state felony charges were pending against him for the same conduct. Defendants did not respond to the motion and the district court declined to rule on it. Mr. Mahler argues that under Local Rule 14(a), the motion should have been deemed confessed.
 
 
 17
 This contention is also without merit. Mr. Mahler cites Palmigiano v. Baxter, 487 F.2d 1280 (1st Cir.1973), vacated, 418 U.S. 908 (1974), on remand, 510 F.2d 534 (1974), in support of his assertion that adverse inferences may not be drawn from an inmate's silence at his disciplinary hearing. Palmigiano was overturned on this point, however. See Baxter v. Palmigiano, 425 U.S. 308, 320 (1976). Furthermore, Mr. Mahler has made no allegation that any statement he made at his hearing was used against him.
 
 
 18
 We conclude there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.
 
 
 19
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 20
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3