IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40867
Summary Calendar
_____

REGINALD JONES,

                                        Plaintiff-Appellant,

versus

TAWANA WOERNER; DEBORAH DENBY; MICHAEL TAVARES;
RICHARD ALFORD; TRACY MCLIN; SHENANE BOSTON;
CHARLES HESTER; C.A. WILLIAMSON; DAVID SWEETIN;
PRISCILLA DALY; KELLI WARD; GARY JOHNSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-61
--------------------
February 22, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Reginald Jones, Texas prisoner # 781143, appeals from the
district court's judgment dismissing his 42 U.S.C. § 1983 action
as frivolous.  We review the district court's determination for
abuse of discretion.  Harper v. Showers, 174 F.3d 716, 718 (5th
Cir. 1999)

    Jones argues that Defendant Woerner filed false disciplinary
reports against him in retaliation for grievances that Jones

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

filed against Woerner.  Jones has not addressed in his brief the district court's holding that he is barred by the statute of limitations from pursuing claims based on events occurring prior to February 28, 1999, or that the instant complaint properly concerned only the disciplinary cases filed by Woerner on December 31, 1999, and December 28, 2000.  Jones has also not briefed his contention in the district court that the December 31, 1999, disciplinary case was retaliatory.  Accordingly, these claims are deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  As for the December 28, 2000, disciplinary case, which was filed nearly one year after Jones's previous contact with Woerner, we conclude that Jones has failed to show a chronology of events from which a retaliatory motive may plausibly be inferred.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Jones also argues that defendants Denby, Tavares, and Alford failed to follow proper procedure in reviewing the disciplinary complaint and discovering Woerner's alleged retaliation.  To the extent that Jones challenges the defendants' compliance with internal rules for conducting disciplinary proceedings, the failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation.  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Jones next argues that his due process rights were violated in the disciplinary hearing conducted by defendant Hester. Because Jones seeks damages and the restoration of lost good time credits as a result of the disciplinary hearing, he cannot assert

his due process claims in a 42 U.S.C. § 1983 action unless he first shows that the result was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Jones has not made such a showing, and his claims are barred by Heck and Balisok.

Jones also argues that he received inadequate assistance from his counsel substitute. Because there is no constitutional right to counsel in prison disciplinary hearings, Jones's claim is without merit. See Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982)(when no right to counsel exists, one cannot be deprived of the effective assistance of counsel).

Jones further argues that defendants Williamson, Sweetin, Daly, Ward, and Johnson denied his administrative grievances without affording him due process or any investigation of the matter. These claims are conclusional allegations that fail to support a civil rights claim. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988); Booker v. Koonce, 2 F.3d 114, 117 (5th Cir. 1993).

Finally, Jones contends that he was denied a fair opportunity to present his claims at the Spears hearing because he was not allowed to present a tape of the disciplinary hearing. The purpose of a Spears hearing is to flesh out the substance of the prisoner's claims, not to address the merits of the

complaint.  See Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990).  We conclude that there was no error in the district court's refusal to consider the disciplinary tape.

Accordingly, the district court's judgment is AFFIRMED.