Hubert Earl TEAGUE, Petitioner,

v.

Douglas DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

No. 7:02–CV–248–R.

United States District Court,
N.D. Texas,
Wichita Falls Division.

July 26, 2005.

Hubert Earl Teague, Iowa Park, TX, pro se.

Ira Raymond Kirkendoll, Federal Public Defender, Jason D. Hawkins, Federal Public Defender Northern District of Texas, Dallas, TX, for Petitioner.

Laura G. Berins, J. Madeleine Garry, Attorney General of Texas–Postconviction Lit Div, Kelley J. Dwyer, Office of Texas Attorney General, Laura Pfefferle, Texas Commission on Environmental Quality, Austin, TX, for Respondent.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

Came on to be considered Respondent's Motion to Alter or Amend Judgment, filed on June 2, 2005, and Petitioner's responses thereto and the Court finds and orders as follows:

This is a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 by an inmate who, at the time of filing, was confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. On May 20, 2005, Judgment was entered granting relief in this case. On July 7, 2005, the Memorandum Opinion and Order and the Judgment entered in this case were stayed pending consideration of Respondent's Motion to Alter or Amend Judgment.

The case involves Petitioner's claim that he was denied due process in a prison disciplinary action at the James V. Allred Unit. Teague was found guilty of making an unauthorized commodity exchange with another offender, Melvin Jordan, by having Jordan deposit $225.00 into Teague's inmate trust account. Teague's punishment consisted of 15 days of solitary confinement, 45 days of commissary and recreation restrictions, a reduction in his custodial classification from minimum to medium custody, a reduction in his good-time earning rate, the forfeiture of $225.00 and the forfeiture of 30 days of previously earned good-time credits.

 The temporary loss of recreation and commissary privileges presents no issue of constitutional magnitude. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life."). Temporary restrictions such as those imposed against Teague do not represent atypical and significant hardships in relation to the ordinary incidents of prison life. Similarly, Teague has no constitutionally protected interest in his prison custodial classification level or good-time earning status. *See Luken v. Scott,* 71 F.3d 192, 193 (5th Cir.1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest), *cert. denied,* 517 U.S. 1196, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996). The Court further finds that 15 days of solitary confinement does not represent an atypical or significant hardship in a state prison and therefore no constitutional liberty interest is implicated.

■ With regard to the $225.00 forfeiture, the Court finds that Teague has waived any claim to the funds. Although Teague states in his petition that the money was taken from his account by TDCJ officials, he makes no claim that the money was his, that he was entitled to the money at the time of the forfeiture or that he is now entitled to the money. On November 16, 2004, a hearing was conducted in this matter. During the hearing, Teague testified that he told Jordan not to send him any money and that he was not aware of the deposit until after it occurred. Teague testified that he offered to send the money back and he testified that Jordan does not owe him any money. Based upon his own testimony, the funds deposited into Teague's account did not belong to him, but rather to Jordan. The TDCJ Administrative Directive is clear, that funds deposited into an inmate trust account by another inmate through an outside bank, which happened in this case, are subject to forfeiture as a violation of TDCJ rules. Teague testified that Jordan was also disciplined by TDCJ authorities for making the deposit. Because it was Jordan's money that was forfeited, any claim for recovery of the funds must be brought by Jordan, the owner of the funds according to Teague's own testimony.

■ Teague is serving a 45–year sentence for burglary of a habitation. *Petition p. 2.* He is eligible for mandatory supervised release when his time served plus his accrued good-time credits equals his 45–year sentence. *See Petition p. 5.* Following *Madison v. Parker,* 104 F.3d 765 (5th Cir.1997), this Court initially held that Teague had a constitutionally protected liberty interest in his accrued good-time credits and that he was not afforded the degree of due process constitutionally required under the circumstances of his case.[1] For the following reasons, the Court now vacates the Order of Dismissal and Judgment that were entered on May 20, 2005.

---

1. When a liberty interest is implicated, the minimal due process protections afforded to inmates in disciplinary actions are (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken; (4) some evidence to support the findings of the hearing officer, and; (5) prior notice to the inmate that the conduct in which he engaged was prohibited. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 457, 105 S.Ct. 2768, 2775, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564–66, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974); *Reeves v. Pettcox,* 19 F.3d 1060, 1061 (5th Cir.1994); *Adams v. Gunnell,* 729 F.2d 362, 369–70 (5th Cir.1984); *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir.1981).

Respondent argues, *inter alia*, that Petitioner's loss of thirty days of good-time credits is *de minimis* and, as such, it is insufficient to trigger due process protections. Petitioner argues that any loss of previously earned good-time which results in a delay in his release on mandatory supervision is constitutionally infirm regardless of the amount of time involved. Such a violation, argues Petitioner, is never *de minimis* and he was entitled to minimal due process protections in the disciplinary proceeding.

In *Malchi v. Thaler*, 211 F.3d 953 (5th Cir.2000), the Fifth Circuit Court of Appeals suggested "it is possible that a *de minimis* delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim." *Malchi*, 211 F.3d at 958. More recently, in *Richards v. Dretke*, 394 F.3d 291 (5th Cir.2004), the Fifth Circuit stated that "[a] 30–day delay of a mandatory supervision release might be *de minimis* and therefore not give rise to a due process claim." *Richards*, 394 F.3d at 294 n. 5.

Petitioner cites *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) in support of his argument that any delay in release to mandatory supervision implicates constitutional due process protections. In *Glover*, the petitioner presented a claim of ineffective assistance of counsel at trial which allegedly resulted in a sentence increase of anywhere between 6 and 21 months. 531 U.S. at 202, 121 S.Ct. 696. Rejecting the respondent's argument that a minimal amount of additional time on a sentence cannot constitute prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court, finding in favor of the petitioner, stated that "[its own] jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." *Id.* at 203, 121 S.Ct. 696. Thus, *Glover* was a sentencing case in which alleged legal error on the part of counsel resulted in a harsher sentence being imposed thereby implicating the Sixth Amendment guarantee of effective assistance of counsel in a criminal proceeding.

 The case at bar is not a Sixth Amendment case. A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556, 47 L.Ed.2d 810 (1976); *Enriquez v. Mitchell*, 533 F.2d 275 (5th Cir.1976). If there is no constitutional right to counsel in a disciplinary proceeding, the prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.[2] *Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *see also Blankenship v. Johnson*, 118 F.3d 312, 316 (5th Cir. 1997) (claim of ineffective assistance of counsel must be predicated on underlying right to the assistance of counsel). In the context of a prison disciplinary action, an inmate's due process rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Because the instant case is not a Sixth Amendment case, the Court finds that *Glover* is not controlling.

 The Fifth Circuit has twice stated that a loss of a small number of good-time credits could be *de minimis* such that due process concerns are not implicated. This Court now finds that, in the instant case, Petitioner's loss of thirty days of good-time credits is *de minimis* and, as such, it is insufficient to trigger due process protections of the Fourteenth Amendment. The

---

**2.** In many prison disciplinary proceedings, a non-lawyer advocate, known as "substitute counsel" is appointed to assist the inmate in presenting his defense.

Court finds the 30–day forfeiture to be *de minimis* especially in light if Petitioner's 45–year sentence. In other words, the 30–day loss of good-time represents approximately 0.18% of Teague's total sentence. While this Court cannot draw a bright line as to what specific number of good-time credits would no longer be *de minimis* or as to what percentage of an inmate's sentence would constitute a non-*de minimis* number of days, the Court can be relatively certain that 30 days, which represents less than one-fourth of one percent of Petitioner's total sentence, is *de minimis* and constitutional due process concerns are not implicated.

For the foregoing reasons, it is OR-DERED that the Memorandum Opinion and Order and the Judgment entered in this case on May 20, 2005 are VACATED.

It is further ORDERED that, for the foregoing reasons, the petition for writ of habeas corpus is DENIED.

A copy of this Memorandum Opinion and Order shall be sent to Petitioner and to Counsel for Respondent.