**Cordell MOODY, Plaintiff–Appellant,**

v.

**J.O. BAKER, Defendant–Appellee.**

No. 88–2418
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1988.

**257**

Cordell Moody, Huntsville, Tex., pro se.

Before POLITZ, KING, and SMITH, Circuit Judges.

PER CURIAM:

In this, the 24th civil rights suit filed by Texas state prisoner Cordell Moody, he alleges that: he was ordered to work despite his classification as disabled; the order represented retaliation for his past complaints; and his good time credit is incorrectly recorded because of an error by a prison official. The district court found the complaint frivolous, and in light of the fact that 20 of the prior complaints had been dismissed as frivolous, the court admonished Moody and assessed court costs of $225.00. Moody appeals; we affirm.

Read in a vacuum, Moody's *pro se* complaint states a claim cognizable under 42 U.S.C. § 1983. But the score-plus prior frivolous complaints undermines his credibility, occasioning a close scrutiny of his pleadings. *Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986). After doing so, we find no error in the 28 U.S.C. § 1915(d) dismissal of his complaint, or in the imposition of court costs as a sanction. We briefly reiterate the trial court's findings and conclusions.

Moody contends that he should not be ordered to work because he should be classified as disabled. An inmate has neither a protectible property nor liberty inter-

258

est in his custody classification, *see Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and a work assignment alone does not rise to a constitutional violation.

■ Moody claims that the job he was given represents retaliation for his prior complaints. He alleges no factual basis for that mere conclusionary allegation. Standing alone, the contention is frivolous. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir.1986).

■ Finally, Moody's complaint about an error in the entering of his "good time" credit into the computer alleges, at most, simple negligence. A negligent act does not rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ The imposition of a sanction without a prior warning is generally to be avoided. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866 (5th Cir.1988) (en banc). That general rule is not applicable in the case now before us where the complaint is merely the latest in a string of § 1983 filings, nearly all of which were dismissed as frivolous. In such a setting, the *Thomas* warning is not a requisite to the imposition of sanctions. *Thomas v. Riley*, 851 F.2d 359 (5th Cir.1988). This conclusion is buttressed by our recent decision barring Moody from pursuing any further appeals unless the district court certifies the good faith of the appeal and Moody pays the costs taxed against him in previous suits. *Moody v. Hughes*, 849 F.2d 1469 (5th Cir. 1988).

AFFIRMED.