45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leon BURDINE, Plaintiff-Appellant,
v.
Dr. Bruce WELLS, Defendant-Appellee.
 No. 94-3151.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Burdine, appearing pro se, appeals from the dismissal of his civil rights complaint, 42 U.S.C.1983, and moves to proceed in forma pauperis on appeal. We review the district court's dismissal pursuant to 28 U.S.C.1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Giving Mr. Burdine's pleadings their mandated liberal construction, we are satisfied that the district court did not abuse its discretion in dismissing the complaint and denying any relief.
 
 
 2
 Mr. Burdine's complaints that (1) different medical personnel came to different conclusions concerning his proper work classification resulting in disciplinary action when he refused to complete the tasks associated with a less restrictive classification, (2) various medical personnel treated him in a skeptical matter after his complaint concerning a construction explosion, and (3) his reclassification was improper because the work classification at one correctional institution was binding upon another, are not of constitutional dimension.
 
 
 3
 Mr. Burdine is advancing inarguable claims given the law. See Neitzke v. Williams, 490 U.S. 319 (1989). Under Wilson v. Seiter, 501 U.S. 294 (1991) and Estelle v. Gamble, 429 U.S. 97 (1976), the deliberate indifference standard concerning medical care contains an objective component regarding the seriousness of medical needs, as well as a subjective component requiring that the official act with a culpable state of mind. Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.1991). The latter component is completely missing here. As for Mr. Burdine's claim that he was given a "promissory note" which would protect him from reclassification at another correctional institution, Mr. Burdine has not identified any source which would give rise to a protected liberty or property interest in the work classification decisions of a prior institution. See Hewitt v. Helms, 459 U.S. 460, 467-68 (1983); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988). See also Wallace v. Robinson, 940 F.2d 243, 246-47 (7th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1563 (1992).
 
 
 4
 AFFIRMED. We GRANT Mr. Burdine's motion to proceed in forma pauperis on appeal. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument