IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10720
Summary Calendar
_____


DAGOBERTO NEVAREZ,

                                          Plaintiff-Appellant,

versus

WAYNE SCOTT; JOHN E. STICE; S.O. WOODS, JR.;
BRUCE ZELLER; B. CHEATHAM; BUENTELLO;
MIKE W. MOORE; RONALD D. DREWRY; CHARLES C. BELL;
JOHN CASTILLO; JOSE HERNANDEZ; J.V. YOUNG,

                                          Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:95-CV-134-BA
- - - - - - - - - -
December 3, 1997
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

     Dagoberto Nevarez, Texas prisoner # 437273, filed a civil
rights complaint against various officials of the Texas
Department of Criminal Justice - Institutional Division.  The
district court's dismissal of the complaint for failure to state
a claim pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo.
Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Nevarez's specific complaint is that the classification committee erroneously classified him as a member of a disruptive group. A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the due process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citation omitted); see also Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (an inmate has neither a protected property nor liberty interest in his custody classification). Nevarez's complaint is based on his assertions regarding the effect that the classification will have on him following release. Such claims are too tenuous to constitute a liberty interest. Luken v. Scott, 71 F.3d 192, 193 (5th Cir.), cert. denied, 116 S. Ct. 1690 (1996) ("speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests").

Nevarez failed to state a claim of retaliation because he did not allege "evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.". Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 116 S. Ct. 800 (1996)(internal quotation marks omitted).

The district court properly dismissed the complaint against the defendants in their official capacities under the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Also, Nevarez's allegations of racial and ethic discrimination were at best conclusional and were insufficient to state an equal protection claim. Johnson v. Rodriguez, 110 F.3d 299, 309 (5th Cir. 1997) (internal quotation and citation omitted), petition for cert. filed, 66 U.S.L.W. 3178 (September 2, 1997) (No. 97-403).

AFFIRMED.