IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60715
Conference Calendar
_____

RONALD J. FERGUSON,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
LAKE O. LINDSEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CV-131
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ronald Jason Ferguson, Mississippi inmate # 82238, proceeding *pro se* and *in forma pauperis* (IFP), appeals the magistrate judge's dismissal as frivolous of his civil rights complaint against the Mississippi Department of Corrections ("MDOC") and Lake O. Lindsey, Superintendent of the Central Mississippi Correctional Facility. Ferguson contends that he was denied due process during disciplinary proceedings conducted on an escape charge. He asserts also that the magistrate judge

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by denying his motions for leave to amend his complaint and for production of a transcript at government expense.

Ferguson challenged in the district court the conditions of his confinement and alleged that officers destroyed his "personal effects" and "legal items."  Ferguson does not reiterate these claims in this court.  Accordingly, he has abandoned them.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (issues must be raised to be preserved).

Ferguson's claim that he was denied due process during the disciplinary hearing would necessarily imply the invalidity of his "conviction" in the disciplinary proceeding, and because Ferguson has not had his "conviction" reversed, expunged, or otherwise declared invalid, his claim of a denial of due process at the disciplinary proceeding is not yet cognizable in a 42 U.S.C. § 1983 action.  *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), *cert. denied*, 119 S. Ct. 1052 (1999).  Ferguson has no constitutional right protecting him against a change in custody classification. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

The magistrate judge's decision dismissing Ferguson's § 1983 complaint is AFFIRMED.  *See Bickford v. Int'l Speedway*, 654 F.2d 1028, 131 (5th Cir. 1981) (judgment may be affirmed on alternate grounds).

Ferguson now "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see Ferguson v. Mississippi*, No. 3:95-CV-303WS (S.D. Miss. Mar. 15, 1996)(dismissed as frivolous; appeal waived; strike one); *Ferguson v. Starrett*, No. 3:96-CV-190LN (S.D. Miss. June 14, 1996)(dismissal for failure to state a claim); *Ferguson v. Starrett*, No. 96-60451 (5th Cir. Oct. 24, 1996)(affirmance; strike two); *see Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996)(dismissal as frivolous by district court counts as a strike once prisoner has exhausted or waived his appeals; affirmance of district court's dismissal as frivolous counts as a single strike). The instant case is Ferguson's third strike. Accordingly, Ferguson is barred from proceeding IFP in a civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION IMPOSED.