IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21142
Conference Calendar
_____

CARLOS R. RIVERA,

                                      Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; BELINGER, Warden; J. BARROT; MR. TAYLOR;
J. NORRIS, Mr.; MR. DIXON; MR. HENDERSON; K. RAMSEY,,

                                      Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2996
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Carlos R. Rivera, Texas prisoner number 431906, appeals the
district court's dismissal of his complaint against Texas
Department of Criminal Justice (TDCJ) Director Gary Johnson, TDCJ
Warden Belinger, and six TDCJ employees.  Rivera's motion for
appointment of appellate counsel is DENIED.

    Rivera alleged in the district court that he was charged
with a disciplinary violation in retaliation for his report of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

misconduct by prison officers and that he was convicted of the charge in a disciplinary proceeding which violated his right to procedural and substantive due process.  Rivera sought compensatory and punitive damages, the restoration of his prior inmate status and forfeited good time credits, and injunctive relief.

Rivera's arguments concerning the constitutionality of the prison disciplinary proceeding are not cognizable under 42 U.S.C. § 1983 because favorable action on his claims would render his disciplinary conviction invalid.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1052 (1999); see Edwards v. Balisok, 520 U.S. 641, 648-49 (1997).  To the extent that Rivera seeks restoration of his good time credits, his sole remedy sounds in habeas corpus.  Balisok, 520 U.S. at 643-44; Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  Rivera has no constitutional right protecting him against a change in custody classification.  See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).  Rivera has abandoned his claims for injunctive relief by failing to argue them on appeal.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(6).

Rivera admits that he committed the conduct on which the disciplinary conviction was based; therefore, he has failed to establish that he would not have been convicted in the absence of a retaliatory motive.  Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); see Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997).

Accordingly, the district court's dismissal of the complaint is AFFIRMED.

AFFIRMED.  MOTION FOR APPOINTMENT OF COUNSEL DENIED.