UNITED STATES COURT OF APPEALS
                       FOR THE FIFTH CIRCUIT
                    _____

                            No. 00-60288
                          Summary Calendar
                    _____


                          ELVIRO BROWN,

                                              Plaintiff-Appellant,

                             versus

                  DAVID TURNER; MICHAEL C. MOORE,
                Attorney General, State of Mississippi,

                                              Defendants-Appellees.
_____

               Appeal from the United States District Court
                 for the Southern District of Mississippi
                            (2:99-CV-342-PG)
_____

                         September 11, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

     Elviro Brown, Mississippi prisoner # 13836, appeals, *pro se*,

the dismissal of his civil-rights action.  Such *sua sponte*

dismissal of a complaint as frivolous or for failure to state a

claim is reviewed *de novo*.  See *Ruiz v. United States*, 160 F.3d

273, 275 (5th Cir. 1998).  Because the deprivations challenged by

Brown were *not* protected liberty interests, he failed to show his

constitutional rights were violated.  See *Sandin v. Conner*, 515

_____

     *Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 472, 485-87 (1995) (30-day period of disciplinary segregation did *not* support due process claim); **Berry v. Brady**, 192 F.3d 504, 508 (5th Cir. 1999) (loss of one visitation session and eight meals did *not* implicate a liberty interest); **Moody v. Baker**, 857 F.2d 256, 257-58 (5th Cir.) ("[a]n inmate has neither a protectible property nor liberty interest in his custody classification"), *cert. denied*, 488 U.S. 985 (1988).

Likewise, because Brown has *not* alleged the violation of a constitutional right, the district court did *not* err by failing to allow Brown a reasonable opportunity to develop his claims in a **Spears** hearing.

*AFFIRMED*