IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60662
Summary Calendar
_____

SAMUEL B. JOHNSON,

Plaintiff-Appellant,

versus

JAMES ANDERSON, Commissioner; C. DAVID TURNER, Superintendent;
SAMUEL JOHNSON, Deputy Warden; HUBERT JORDAN; JERRY WALLEY; KEITH
DUNNAM; LOUIS GONG; STATE OF MISSISSIPPI,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:99-CV-268-PG
--------------------
February 22, 2001

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Samuel B. Johnson, Mississippi inmate #42325, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief can be granted. Johnson reiterates that Rule Violation Reports were ambiguous because they bore different dates and charged different offenses.

Johnson received notice of the charges sufficient to satisfy due process concerns. *See Wolff v. McDonnell* 418 U.S. 539, 564-67 (1974). The confinement in isolation for twenty days and the

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

change in inmate classification did not constitute an "atypical and significant hardship" sufficient to implicate constitutional concerns. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

We do not consider for the first time on appeal Johnson's allegation that medically classified prisoners are denied incarceration in privately operated prisons. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 982 (2000). We do not consider Johnson's slavery issue raised for the first time in a post-judgment motion to amend. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999).

Johnson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of Johnson's appeal and the district court's dismissal of his complaint as frivolous and for failure to state a claim count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Johnson that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.