IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11244
Summary Calendar

_____

ALMETRA EDWARDS

                    Plaintiff - Appellant

    v.

MUNICIPAL ET AL.

                    Defendants

JOE BOGAN, Warden; LUTHER BROWN, Captain; ELIZABETH SAMFORD,
Disciplinary Hearing Officer; RONALD THOMPSON, Regional
Director; LUCKY MALLISHAM, Regional Employee; HARRELL WATTS,
Administrator Staff; KATHLEEN M. HAWK-SAWYER, Director,

                    Defendants - Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1509-A
- - - - - - - - - -
April 25, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Almetra Edwards, federal prisoner # 06642-062, filed a civil

rights action against numerous officials of the Federal Medical

Center (FMC) in Fort Worth, Texas.  After ordering Edwards to

amend her complaint, the district court dismissed all defendants

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

except Lisa Austin, FMC Unit Manager. The district court entered final judgment with respect to the dismissal of these defendants.

As a preliminary matter, we note that this action could not be brought pursuant to 42 U.S.C. § 1983 because there is no state action, all of the defendants are federal employees. To the extent that the action sought damages and injunctive relief for alleged constitutional violations by federal employees, it could have been brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and Bell v. Hood, 327 U.S. 678, 684 (1946), respectively. The same substantive standards of constitutional violations apply to both § 1983 and Bivens actions. See Carlson v. Green, 446 U.S. 14, 19 (1980).

We also note that the record on appeal does not show that Edwards alleged a violation of the Constitution by challenging her classification in the FMC. "An inmate has neither a protectible property nor liberty interest in his custody classification." Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). If there is no other alleged constitutional violation, the entire suit should have been dismissed.

Even if it is assumed that there is some other constitutional claim, all of the defendants other than Austin were being sued based on their supervisory roles rather than for their individual actions. To state a cause of action, a plaintiff must allege facts that illustrate the defendant's participation in the wrong alleged. Jacques v. Procunier, 801

F.2d 789, 793 (5th Cir. 1986)(§ 1983 case).  Supervisory officials cannot be held liable for the actions of their subordinates on any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990).  Although Edwards asserts that the defendants personally took part in the wrongs alleged based on there supervisory positions, this is not a claim of true personal involvement.  Edwards has not shown error in the reasoning of the district court.

Edwards has filed numerous motions in this appeal.  They are all hereby DENIED.

AFFIRMED; MOTIONS DENIED.