IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10709
Summary Calendar
_____

DAVID NULL,

                                        Plaintiff-Appellant,

versus

D.D. SANDERS, Warden;
DANIEL A. ROJAS, Correctional Officer 3;
JOSE L. VALENZUELA, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(2:00-CV-58)
--------------------
(August 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant David Null, Texas prisoner #624372, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous and for failure to state a claim on which relief can be granted. He contends that the district court erred in relying upon Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), to dismiss his claims against the officers who allegedly assaulted him. Null argues that because he did not lose any good-time credits through his disciplinary

_____

          [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding, he is no longer "in custody" pursuant to that proceeding so that the requirements of Heck need not be fulfilled. Null has failed to show, however, that he did not in fact lose good-time credits as a result of the disciplinary proceeding. Consequently, before he could obtain money damages for the alleged assault by Officers Rojas and Valenzuela, Null would have to show that the result of the disciplinary hearing, in which he was charged with striking an officer, had been overturned. As Null concedes that his disciplinary conviction has not been overturned, his claims are barred by Heck and Edwards.

Null also contends that Warden Sanders failed to investigate adequately his grievance filed against Rojas and Valenzuela. Inasmuch as the result of this grievance has no bearing on the duration of his confinement, however, Null cannot show the existence of a state-created liberty interest in an inmate grievance procedure. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).

Null nevertheless advances that Sanders should have known about the officers' history of retaliatory beatings of prisoners; yet he provides nothing other than his unsubstantiated allegation that such a history exists. Without more, that is not sufficient to support a civil rights claim. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

Null also asserts that Sanders failed to train Valenzuela and Rojas sufficiently. As Null has failed to show a causal link between a failure to train and the alleged violation of his rights,

2

and has failed to show that Sanders had any knowledge of a risk to Null before Null filed his grievance, this claim fails as well. See Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998).

For the foregoing reasons, the district court's judgment is, in all respects, affirmed. We hereby advise Null that the district court's dismissal of his complaint as frivolous and for failure to state a claim on which relief can be granted constitutes one "strike" for the purposes of 28 U.S.C. § 1915(g), see Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); and that if he receives two more "strikes," he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.