IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60276
Conference Calendar
_____

ALLEN CLAY,

                                        Plaintiff-Appellant,

versus

HENRY MAXWELL, Correctional Officer;
UNKNOWN ADDISON, Or "Aidson" or John Doe Officer
that was assigned to work with Officer Maxwell on
March 11, 2000, also known as Bald Head;
WALTER BOOKER; STANLEY FLAGGS; LARRY HARDY;
UNKNOWN THOMAS, Lieutenant; UNKNOWN ERVIN, Warden,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-278-P-B
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Allen Clay, Mississippi prisoner number 99221, appeals the

district court's dismissal of his 42 U.S.C. § 1983 suit for

failure to state a claim upon which relief could be granted.  He

lists three issues in his appellate brief: (1) that the district

court erred in dismissing his suit prior to service upon the

defendants, (2) that the magistrate judge erred in holding a

hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1985), and (3) that the district court erred in dismissing his suit because he stated valid claims against the defendants. However, Clay does not provide argument on the issues whether the district court erred in dismissing the suit prior to service upon the defendants and whether the magistrate judge erred in holding a Spears hearing. Accordingly, these issues are abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Clay has not shown that the district court erred in dismissing his suit against defendant Maxwell. Clay complains that Maxwell filed a false report against him and that this ultimately resulted in Clay receiving a change in his classification status. However, no protected liberty interest was implicated by the change of Clay's classification status. See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Because Clay has no liberty interest in his custody classification, he likewise has no liberty interest in the procedures underlying this classification. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). Because Clay has not shown that Maxwell violated his constitutional rights, he also has not shown that Addison conspired with Maxwell to violate Clay's constitutional rights. Moreover, Clay has not shown that the district court erred in dismissing his claims against the remaining defendants, as he has not shown that these defendants were personally involved in a violation of his constitutional rights. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Clay's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of Clay's complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We note that Clay has at least one other strike against him. See Clay v. Riley, No. 2:99CV009-B-B (N.D. Miss., April 4, 2000). By accumulating three strikes, Clay is BARRED from proceeding in forma pauperis in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.