IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40264
Summary Calendar

_____

MARVIN WADDLETON, III,

Plaintiff-Appellant,

versus

J. BLALOCK, Sergeant, Smith County Jail; UNIDENTIFIED MCGEE,
Officer, Smith County Jail; UNKNOWN OFFICER, (3); J.C.
RICHARDSON, Officer, Smith County Jail; J. GORE, Officer,
Smith County Jail; C. HERDON, Sergeant; SMITH COUNTY JAIL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-287
--------------------
November 16, 2001

Before JOLLY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:*

Marvin Waddleton, III, Texas prisoner # 924976, appeals following the dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Waddleton argues that the magistrate judge erred in denying him leave to amend his complaint to add new claims and defendants. Waddleton filed three separate motions to amend. One sought to add a defendant who is not a "person" who could be

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sued under 42 U.S.C. § 1983. The other two motions sought to add claims and defendants that were either duplicative of his existing complaint, wholly unrelated to his existing complaint, or that would have been futile because the added claims and/or defendants would have been subject to dismissal. Accordingly, the magistrate judge did not abuse her discretion in denying Waddleton leave to amend his complaint. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Waddleton also argues that the magistrate judge erred in denying him an extension of time within which to locate a document to support his slander claims. He contends that the denial was error because the magistrate judge used the absence of the document to dismiss the slander claim. This argument is without merit as the magistrate judge did not rely on the absence of the document in dismissing the claim. Rather, the magistrate judge correctly dismissed the claim because, under the law of this circuit, claims involving slander and libel are state law matters which are not cognizable in a 42 U.S.C. § 1983 action. Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988).

Waddleton next argues that the magistrate judge interjected her personal views of his allegations into the case and twisted the testimony Waddleton gave at the evidentiary hearing regarding an excessive-use-of-force incident. A careful review of the record reveals that the magistrate judge did not misconstrue Waddleton's testimony.

Waddleton also challenges the dismissal of several of his claims. We review dismissals of claims as frivolous for an abuse

of discretion and dismissals for failure to state a claim upon which relief may be granted de novo.  <u>Berry v. Brady</u>, 192 F.3d 504, 506 (5th Cir. 1999).

With regard to the July 8, 1998 use-of-force incident, Waddleton's brief contains nothing more than a description of the events giving rise to the incident.  Because he does not challenge the reasons for the dismissal of this claim, he has abandoned the only issue for this court to review with respect to that claim.  <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987) (this court will not address issues the appellant fails to assert); <u>see</u> <u>also</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th ir. 1993) (issues not raised on appeal are considered waived).

With regard to the October 21, 1998, use-of-force claim, the proper inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992).  "The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed."  <u>Ikerd v. Blair</u>, 101 F.3d 430, 434 (5th Cir. 1996).  Waddleton testified at his evidentiary hearing that he snatched the keys of an officer passing near his cell.  When another officer entered the cell to search for the keys, Waddleton attempted to stab the officer in the heart with a homemade shank.  To stop the attack, Waddleton was put in a choke-hold until he passed out.  Waddleton awoke on his cell bed and suffered only a minor abrasion on his chin.  The magistrate

judge did not abuse her discretion in dismissing this claim as frivolous. See Siglar v. Hightower, 112 F.3d at 191, 193 (5th Cir. 1997).

Waddleton's argument that the magistrate judge erred in dismissing his deprivation-of-property claims must fail. Because the state of Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a 42 U.S.C. § 1983 claim for the deprivation of his property. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

Waddleton admitted at the evidentiary hearing that he had only assumed that retaliation was the motive for jail officials' repeated deprivation of his property because he could think of no other motivation. Because Waddleton alleged no specific factual basis to support his conclusion assertion, the magistrate judge did not abuse its discretion in dismissing the retaliation claim as frivolous. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

Waddleton argues that the magistrate judge erred in dismissing his delay-of-medical-care claim which arose after an assault by another inmate. His argument is based on his assertion that the magistrate judge erroneously stated that he had received prompt medical care after various use-of-force incidents. However, the magistrate judge's statement was superfluous in that it concerned incidents unrelated to the care Waddleton received after the inmate assault. Waddleton has not addressed the correctness of the magistrate judge's finding that he failed to allege facts which showed deliberate indifference or

substantial harm arising out of the medical care he received after the inmate assault.  Accordingly, he has abandoned the only issue for this court to review with respect to that claim. See Brinkmann, 813 F.2d at 748.

Waddleton has also filed a motion for mandatory injunction requesting that this court compel the Smith County, Texas, Sheriff Department to return his impounded vehicle or, in the alternative, to award him damages for the loss of his vehicle. This motion is construed as a mandamus action.  Aside from the fact that original jurisdiction over a mandamus action lies with the district court, this court may not grant Waddleton's motion because 28 U.S.C. 1361 allows a federal court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  Title 28 U.S.C. § 1361 does not authorize this court to compel any officer or employee of the state of Texas to perform any duty.  See 28 U.S.C. § 1361.  Therefore, Waddleton's motion is denied.

The district court's dismissal of Waddleton's complaint as frivolous and for failure to state a claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).  Waddleton is warned that if he accumulates three "strikes," he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED.  MOTION DENIED.  SANCTIONS WARNING ISSUED.