IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40636
Summary Calendar

_____

LAWRENCE MAURICE WARREN,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
Institutional Division; CAL WOOTEN, Warden;
C.F. DICKERSON, Classification Officer;
WILLIAM SHELBY, Physician's Assistant;
LOPEZ, Officer, Field Security,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-390

_____

November 23, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Lawrence Maurice Warren, Texas prisoner # 547724, appeals the district

court's dismissal of his civil rights complaint as frivolous under 28 U.S.C. § 1915.

We review the district court's dismissal for abuse of discretion.[1]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Berry v. Brady, 192 F.3d 504 (5th Cir. 1999).

Warren contends that the defendants forced him to work in field labor contrary to his medical restrictions and in deliberate disregard to his serious medical needs after he suffered injuries in an assault by another inmate. Warren's medical restrictions were updated or revised numerous times; he was given several different jobs after the assault; and he is no longer assigned to field work. The district court did not abuse its discretion by finding that Warren's job assignments were not made in deliberate disregard for his serious medical needs.[2]

Warren maintains that he was subject to retaliation by the defendants for using the prison grievance system and for filing a lawsuit. Warren has failed to state in his brief any specific facts or argument in support of his claims and cites only to exhibits previously filed in the district court. Because an appellant may not incorporate in his brief his argument from other pleadings, Warren has failed to adequately brief this issue, and we consider it abandoned.[3]

Warren also contends that the defendants were deliberately indifferent to his serious medical needs. Warren's documentation submitted in response to the magistrate judge's interrogatories shows that he was treated for his injuries after the assault and seen by medical personnel numerous times thereafter. Although he disagrees with the treatment and medication he received, such disagreement fails to

_____

[2]Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989).

[3]Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993).

state a cause of action under 42 U.S.C. § 1983.[4]  Warren has not shown deliberate indifference.[5]

Finally, Warren maintains that the defendants failed to maintain adequate numbers of security personnel and failed to properly train and supervise existing officers.  Warren's conclusional allegations do not support a civil rights claim.[6]

AFFIRMED.

---

[4]Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991).

[5]Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).

[6]Moody v. Baker, 857 F.2d 256 (5th Cir. 1988).