IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40663
Conference Calendar

_____

DONALD RAY LEWIS,

Plaintiff-Appellant,

versus

AMADO IGLESIAS; VICTOR RODRIGUEZ; DENISE BRUNSON;
WILLIAM STEPHENS, Assistant Warden; TOMMY L. JACKSON;
DUC V. TRON; WILLIAM ATHERTON BERGEY; SHANDLYN KOEHNE;
MELINDA BOZARTH; BEVERLY RIEDY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-98-CV-71
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donald Ray Lewis, Texas prisoner # 535898, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis argues that the defendants denied him adequate medical care for a skin condition which caused him to suffer severely dry and cracked skin. He concedes that he was examined by a nurse and that he was given

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cortisone skin cream, but argues that he was not given enough cream to treat his condition. Lewis' allegations at most amount to unsuccessful medical treatment or negligence, which does not constitute a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Further, Lewis has not shown that he suffered injuries as he conceded that he no longer has the skin condition. See Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001).

Lewis also argues that he was denied adequate dental care in that a dentist damaged one of his teeth and ultimately had to pull it, and he was not given regular dental cleanings. Lewis' allegations at most amount to negligence and not a constitutional violation. See Varnado, 920 F.2d at 321. Further, he concedes that he is currently receiving dental care and cleanings after his transfer to another unit.

Lewis argues that the defendants denied him a change in his custodial classification in retaliation for his filing administrative grievances. Lewis' allegations do not establish a retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (inmate must either produce direct evidence of retaliatory motive or allege a chronology of events from which retaliation might plausibly be inferred). Further, Lewis has no constitutionally protected liberty interest in his custodial classification or in the loss of the opportunity to earn good-time credits. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).

Lewis has filed a supplemental pleading, arguing that the defendants are retaliating against him by denying indigent legal materials and access to the courts, education, and parole, and by keeping him in a maximum security prison although he has not committed any disciplinary violations.  Issues must be raised in the district court to be preserved for appeal.  See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997) ("This court will not consider on appeal a claim not submitted to the district court.").  Accordingly, Lewis' additional retaliation claim may not be considered.  Even if the issue is considered, Lewis' allegations do not establish a retaliatory motive.  See Woods, 60 F.3d at 1166.  Further, Lewis has not shown that he was prejudiced or prevented from filing a pleading in a specific action as a result of the alleged denial of access to the courts or indigent materials.  See Lewis v. Casey, 518 U.S. 343, 349 (1996).

Lewis' appeal is without arguable merit and, therefore, is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of Lewis' complaint and this court's dismissal of the appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Lewis is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.