**Clinton L. CRESSIONNIE,**
**Plaintiff–Appellant,**

v.

**Rebecca BLOUNT, In her individual and official capacity as Lieutenant and Unit 29D Administrator; Hazel Robinson, In her individual and official**

---

capacity as Correctional Officer IV of Unit 29D; Eddie Cates, In his individual and official capacity as Disciplinary Investigating Officer; Patty Legg, In her individual and official capacity as Disciplinary Hearing Officer, Defendants–Appellees.

No. 03–60627.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 2004.

Clinton L. Cressionnie, Mississippi Department of Corrections, Parchman, MS, for Plaintiff–Appellant.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Clinton L. Cressionnie, Mississippi prisoner # 22155, appeals, *pro se*, the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Cressionnie contends that the district court erred by dismissing this action without allowing him to amend his complaint or elaborate on his claims at a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Dismissal of a prisoner's action after allowing him only one opportunity to state his case is ordinarily unjustified. *Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir.1994); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986). Such a dismissal is appropriate only when the plaintiff has pleaded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his best case, such that allowing him to amend his complaint or elaborate on his claims would still not produce a viable § 1983 claim. *Id.*

Review of the record reveals Cressionnie has not raised any (1) viable due process claims and allowing him to elaborate on these claims would be futile, *see Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995); *Moody v. Baker,* 857 F.2d 256, 257–58 (5th Cir.1988); *see also Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir.1999); or (2) a viable retaliation claim against any of the defendants other than Lieutenant Rebecca Blount, and that allowing him to elaborate on these claims would be futile, *see Hart v. Hairston,* 343 F.3d 762, 765 (5th Cir.2003); *see also Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir.1999). Accordingly, the district court properly dismissed Cressionnie's due process claims against all defendants and his retaliation claims against all defendants except Lieutenant Blount.

Review of the record shows that Cressionnie should be allowed to elaborate on his retaliation claim against Lieutenant Blount. Cressionnie alleged that he wrote a grievance letter complaining about Lieutenant Blount's actions and that she confiscated the letter. While these allegations were not clear, Cressionnie also appears to have alleged that Lieutenant Blount played some role in the initiation of allegedly false disciplinary charges against him shortly after confiscating the letter. Cressionnie further alleged that he was found guilty of the false disciplinary charges and was held in segregated confinement as a result. Such allegations, if developed, could state a valid civil rights claim. *See Hart,* 343 F.3d at 764. Restated, the dismissal of Cressionnie's retaliation claim against Lieutenant Blount without any opportunity to elaborate on that claim was erroneous. *See Eason v. Thaler,* 14 F.3d 8, 10 (5th Cir.1994).

We therefore AFFIRM the judgment except as to the dismissal of Cressionnie's retaliation claim against Lieutenant Blount; that part of the judgment is VACATED; and this matter is REMANDED to the district court for further proceedings.

*AFFIRMED IN PART; VACATED IN PART; and REMANDED FOR FURTHER PROCEEDINGS*

