IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-51251
Summary Calendar

JOSEPH C PALMISANO

Plaintiff-Appellant

v.

BUREAU OF PRISONS; Warden DENNIS, Warden, FCI La Tuna; MOISES
ONZURES; RICARDO GONZALEZ; Lieutenant MICHAEL SPENCER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-210

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joseph C. Palmisano, federal inmate # 03712-082, appeals the dismissal
of his civil rights action against federal prison employees brought under Bivens
v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388
(1971). Palmisano alleged that, because of a false report of a furlough violation,
he was (1) placed in a Special Housing Unit for three weeks; (2) given a
heightened security classification, (3) denied medical care, (4) deprived of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

visitation, telephone, and commissary privileges, and (5) ultimately transferred to another correctional facility where he was attacked by other inmates. Palmisano also alleged that he was denied procedural due process in the prison disciplinary proceeding. He sought compensatory and punitive damages.

On appeal, Palmisano contends that the district court erred by declining to grant discovery prior to dismissing his claims. The district court did not abuse its discretion by tacitly denying discovery where Palmisano failed to show that discovery would have produced evidence creating a genuine issue of material fact. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993). On appeal, Palmisano asserts general principles of discovery but fails to show how those principles apply to any of his claims. In the district court and on appeal, he has offered only "vague assertions that additional discovery will produce needed, but unspecified facts." See id. (internal quotation marks and citation omitted). This contention warrants no relief.

Palmisano contends that his objections to the magistrate judge's report and recommendations should have been deemed timely. Even under the calculation most favorable to Palmisano, his objections were untimely. See FED. R. CIV. P. 6, 72. No relief is warranted.

Palmisano contends that he exhausted his administrative remedies with regard to all claims. Although the district court reasoned that Palmisano had not exhausted every claim, dismissal was not based on a failure to exhaust. This contention is therefore irrelevant, and no relief is warranted.

Palmisano also argues that the district court applied a heightened standard of pleading to his complaint. The district court applied a standard that was arguably more favorable to Palmisano than the standard this court recognized in In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). This contention warrants no relief.

On appeal, Palmisano has failed to address the district court's dismissal of claims arising prior June 2003; claims based on 18 U.S.C. §§ 1001 or 2701, 42

U.S.C. §§ 1985 or 1986, or Bureau of Prisons (BOP) regulations; or claims against the BOP itself. In addition, he has failed to provide any legal or factual analysis of his claim of retaliation or the failure to protect him from other inmates. He has thus abandoned any appeal of these issues. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are abandoned); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (general arguments not sufficient to preserve issues for appeal).

Palmisano contends that the allegedly false report of a furlough violation resulted in temporary solitary confinement; the loss of commissary, visiting, and telephone privileges; and a transfer to another corrections facility. Palmisano's alleged deprivations provide no basis for a claim of the denial of constitutional rights. See Sandin v. Conner, 515 U.S. 472, 484-85 (1995) (solitary confinement); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (commissary privileges); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (custody classification). Further, his assertion that defendants brought false charges against him does not alone implicate his constitutional rights. See Castellano v. Fragozo, 352 F.3d 939, 953-54 (5th Cir. 2003) (en banc) (no constitutional claim based on tort of malicious prosecution). In any event, Palmisano fails to challenge the district court's ruling that Palmisano's own admissions show that he violated furlough, albeit at a location other than the one misidentified by a defendant. No relief is warranted on the claim of a false disciplinary report.

Palmisano also contends that his "serious medical conditions . . . were not treated by licensed medical doctors" and that the district court "significantly ignored the evidence" of his serious health problems. Palmisano has failed to allege the denial of particular medical care or that any defendant was subjectively aware of his serious medical needs and disregarded them, or that an alleged delay in treatment resulted in any substantial injury. At most, Palmisano expresses disagreement over the medical care he received. Palmisano

has failed to allege facts showing a deliberate indifference to his serious medical needs.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  We further note that the undisputed record details Palmisano's extensive medical treatment and shows that he has received conscientious medical care from the time of his coronary artery bypass surgery in 2004 through the filing of this action.

The judgment of the district court is AFFIRMED.