IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60043
Summary Calendar

MONDRIC BRADLEY

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; CHRISTOPHER EPPS,
Commissioner; LAWRENCE KELLY, Superintendent of the Classification
Department; ROY ROGERS, Warden, Area II; MAXENE LENCH; PAMELA
ROBINSON; EMMITT L SPARKMAN, Deputy Commissioner; UNKNOWN
LEWIS; A TAYLOR, Lieutenant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-205

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mondric Bradley, Mississippi prisoner # 46406, appeals from the district court's dismissal of his civil-rights lawsuit, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted. Bradley has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal was not taken in good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997).

Bradley argues that (1) he was assigned to a prison housing facility that is not appropriate for prisoners with his medical disabilities, thereby violating his due process rights, and (2) his prison housing assignment was the result of retaliation for filing a prior lawsuit. Because Bradley does not have a liberty interest in his housing classification, he has failed to state a valid due process claim on this basis. See Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Moreover, his conclusional allegations of retaliation are insufficient to state a claim. See Moody, 857 F.2d at 258.

The district court's certification that Bradley's appeal is not taken in good faith is upheld, Bradley's motion for IFP on appeal is denied, and this appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Bradley is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bradley also earned a strike in Bradley v. Thompson, No. 4:98-cv-00171-GHD (N.D. Miss. May 19, 1999). As Bradley now has accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.