# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-60558
Summary Calendar

MICHELANGELO MUSCOLINO

Plaintiff-Appellant

v.

MICHAEL LANDRUM, Internal Affairs Investigator, in his individual and official capacity; SHERRY MAGGITT, Disciplinary Committee, in her individual and official capacity; ANNE PERKINS, Disciplinary Committee Chairperson, in her individual and official capacity; K ROBERTS, ARP Adjudicator, in his individual and official capacity; RAYMOND BYRD, Warden, Second Step Respondent, in his individual and official capacity; CHRISTOPHER EPPS, Mississippi Department of Corrections Commissioner, Third Step Respondent, in his individual and official capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-40

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michelangelo Muscolino, Mississippi prisoner # K2799, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his 42 U.S.C. § 1983 suit which alleged that his constitutional rights were violated in connection with a disciplinary case. The district court denied Muscolino's request to proceed IFP on appeal, certifying that this appeal was not taken in good faith. Muscolino's IFP motion is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

As Muscolino raises a claim of conspiracy for the first time on appeal, we shall not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Muscolino's claim that the defendants failed to follow prison procedures and regulations is insufficient, without more, to establish a constitutional violation cognizable under § 1983. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000). His claim that he was retaliated against for his refusal to cooperate in the investigation of another inmate is frivolous because the Fifth Amendment's protection against self- incrimination is purely personal and may not be asserted on behalf of a third party. *See, e.g., California Bankers Ass'n v. Schultz*, 416 U.S. 21, 55 (1974). His claim that his reclassification to maximum security and his loss of privileges violated his due process rights does not state a violation of a cognizable liberty interest. *See Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

Muscolino has not shown that he will present any nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion for leave to proceed IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. Our dismissal of Muscolino's appeal as frivolous and the district court's dismissal of his civil rights suit for failure to state a claim count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Muscolino is warned that if, pursuant to § 1915(g), he accumulates a third strike, he shall be barred from proceeding IFP while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.