# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40407
Summary Calendar

SEAN D RALSTON

Plaintiff-Appellant

v.

SHERLY HURLEY, Nurse; CHESTER JONES; LEANN M KILLINGSWORTH,
Foodservice Manager; UNIDENTIFIED HIRSCH, Segregation Major; DAVID
STACKS, Head Warden; SHANTA CRAWFORD, Complaint Coordinator;
BETTY WILLIAMS, Medical Director; BEN RAIMER, University of Texas
Medical Branch Correctional Care Manager; UNIDENTIFIED WAKEFIELD,
Assistant Warden; F REESCANO, Assistant Warden

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-223

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sean D. Ralston, Texas prisoner # 880165, appeals the

dismissal of his 42 U.S.C. § 1983 civil rights lawsuit as frivolous and for failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

to state a claim, pursuant to 28 U.S.C. § 1915A. We review the district court's dismissal de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Ralston renews his claim that the treatment he received for genital warts violated his Eighth Amendment rights. However, as the district court determined, Ralston's complaint against Nurse Hurley is based on negligence, and his claims against Physician Assistant Jones and Dr. Williams are based on assertions of unsuccessful treatment or dissatisfaction with the treatment received, none of which rise to the level of deliberate indifference as needed to support a constitutional claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Inasmuch as Ralston renews his claims against supervisory personnel, the claims were properly dismissed for lack of any alleged personal involvement. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

Ralston complains that, in resolving his medical-care claims, the district court made improper credibility determinations and inappropriately relied on his medical records. He is incorrect. At the Spears hearing in the instant case, the magistrate judge properly relied on Ralston's prison medical records to determine whether any of the defendants were deliberately indifferent to his medical needs, and did so without making impermissible credibility determinations. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Ralston next renews his claim that Captain Killingsworth and Major Hirsch violated his constitutional rights by failing to deliver "Johnny sacks" to his cell. Specifically, he contends that Cpt. Killingsworth and Maj. Hirsch "interfered with" and "countermanded" Jones' medical order to deliver meals to him. The claim is factually frivolous: The medical records establish that the medical order Jones issued did not require that the meals be delivered "cell side." Consequently, prison officials did not fail to comply with a medical order. To the extent Ralston contends that the medical order should have required that the meals be brought to him in his cell, he has not demonstrated, and his medical records do not suggest, that having him walk to the chow hall to pick up his

meals created a substantial risk of serious harm in wanton disregard to his medical needs amounting to deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

If his brief is liberally construed, Ralston urges that the magistrate judge erred in failing to address his claim that the nine-hour delay in treatment from the time he first complained of his adverse reaction to the Condylox ointment until he was actually seen by Jones on September 17, 2004, constituted deliberate indifference. Even if we assume arguendo that there was a nine-hour delay before Ralston was examined and treated by Jones, Ralston has not demonstrated that medical personnel were deliberately indifferent in waiting nine hours to examine and treat the reaction or that the delay exacerbated his condition or otherwise caused any substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). At most, any delay in treatment experienced by Ralston was attributable to negligence, which does not establish a constitutional violation. See Varnado, 920 F.2d at 321.

Ralston additionally appears to renew his claim that he was placed in administrative segregation for three days in retaliation for filing a grievance against Maj. Hirsch regarding the failure to have meals delivered to Ralston's cell. The claim was properly dismissed because Ralston did not establish the requisite causation; he did not show that, absent the grievance, he would not have been placed in administrative segregation for that time. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The claim is based solely on Ralston's personal belief that he was retaliated against, which is insufficient. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

The district court's judgment is affirmed. Its dismissal of Ralston's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Ralston is cautioned that, if he accumulates two more strikes pursuant to § 1915(g), he may not proceed in

forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.